IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JULIO C. JACOME-ROSALES       *
    Petitioner,
v.                *    Civil Action No.  DKC-17-286

MARY LOU MCDONAUGH,      *
    Respondent.
                *****

**MEMORANDUM OPINION**

Petitioner Julio C. Jacome-Rosales is a detainee confined at the Prince George's County Detention Center ("PGCDC") awaiting trial on first-degree murder, conspiracy to commit first-degree murder, robbery with a deadly weapon, and conspiracy to commit armed robbery charges. On January 31, 2017, the court received for filing his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus attacking his current pretrial detention. Specifically, he claims that the charges, as well as his arrest and detention, are premised on a witness statement that is not authenticated and not supported by sufficient evidence. ECF No. 1 at pp. 3-5 & 7-11. He asks that the court order his release from jail. Jacome-Rosales has filed neither the $5.00 habeas corpus filing fee nor moved to proceed *in forma pauperis*. Because his case is subject to dismissal, he shall not be required to cure this deficiency.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Federal court intervention is not permitted where available avenues exist in the state courts to address the claims asserted. In the pretrial context, federal courts must

abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). The burden of proving that a claim has been exhausted lies with the petitioner. *Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights. *See Moore v. DeYoung,* 515 F.2d 437, 449 (3d Cir. 1975).

The state court docket shows that Jacome-Rosales was indicted in May of 2015, on charges of first-degree murder, conspiracy to commit first-degree murder, robbery with a deadly weapon, and conspiracy to commit armed robbery. *See State v. Jacome-Rosales*, Case No. CT150617B (Circuit Court for Prince George's County) (copy attached). In the ensuing year, various motions have been heard and ruled on by the Circuit Court.

Jacome-Rosales has failed to show that he has first presented his claims to the state court. Further, he presents no exceptional circumstances for federal court intervention in his pending state criminal case. He does not demonstrate that adequate state court procedures are unavailable to hear his claims. His petition will therefore be dismissed without prejudice.

To the extent that Jacome-Rosales may seek appellate review, he has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Jacome-Rosales "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard*

*v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The court declines to issue a Certificate of Appealability because Jacome-Rosales has not made the requisite showing. A separate Order follows dismissing the Petition without prejudice and closing the case.

February 3, 2017                                        /s/
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge